**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LOU ANN HAMLIN,

    Plaintiff,

vs.                                                        CASE NO. 3:07-cv-507-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER AND OPINION**

    This matter is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI) disability payments. 42 U.S.C. §§ 405(g), 1383(c)(3) (2006). Plaintiff filed an amended legal brief in opposition to the Commissioner's decision (Doc. #11, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #12, D's Brief). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference dated March 11, 2008 (Doc. #15). The Commissioner has filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the Commissioner's decision is **REVERSED and remanded**

**for further proceedings**.

## PROCEDURAL HISTORY

In the instant action, Plaintiff protectively filed an application for DIB on November 22, 2004 (*see* Tr. 39, 78-80), which alleges onset of disability on June 17, 2004.[1]  Plaintiff alleges an inability to work due to neck, shoulder, chest, hip, leg, and low back pain, hand pain while writing, arthritis, a heart condition, and depression (Tr. 84, 92, 117, 122, 124, 671).  In the application for DIB, Plaintiff stated she stopped working due to severe back pain (Tr. 80).  After being denied initially and upon reconsideration (Tr. 37-38, 39-40), Plaintiff requested a hearing, which was held on August 16, 2006 in Jacksonville, Florida before Administrative Law Judge (ALJ) John D. Thompson, Jr. (Tr. 650-719).  Plaintiff appeared and testified at the hearing, as did vocational expert Robert C. Bradley.

Plaintiff was represented by Mr. J. Alfred Stanley, Jr., Esq., during the underlying administrative phase of this case (Tr. 48, 650).  On January 22, 2007, ALJ Thompson issued a hearing decision denying Plaintiff's claim (Tr. 10-23).  The Appeals Council (AC) denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner (Tr. 5-7).

Mr. J. Alfred Stanley continues to represents Plaintiff in this case.  The instant action was filed in federal court on June 11, 2007 (Doc. #1).  The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings.

---

[1] Plaintiff apparently filed an application for SSI disability payments on December 10, 2004 (*see* Tr. 13).  The Court does not find any SSI documents in the file.

## SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION
## AND THE STANDARD OF REVIEW

A plaintiff is entitled to disability benefits when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months. 20 C.F.R. §§ 404.1505, 416.905.[2] For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n.1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ's decision dated January 22, 2007 denied Plaintiff's claim (Tr. 10-23). At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 15). At Step 2, the ALJ found Plaintiff had the severe impairments of low back pain secondary to degenerative joint disease, mild to moderate depressive disorder, obesity, tobacco abuse and a left adrenal mass felt to be an adenoma (Tr. 15). At Step 3, the ALJ found these impairments did not meet or equal, either singly or in combination with any other impairment, any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4 (Tr.17). The ALJ determined that Plaintiff retained the

---

[2]All references to 20 C.F.R. shall be to the 2008 edition, unless otherwise noted.

residual functional capacity (RFC) to perform light work with some moderate limitations (Tr. 19). At Step 4, the ALJ determined that Plaintiff could do past relevant work as a director of nursing as she performed it (Tr. 21).[3] Thus, there was no need for the ALJ to proceed to step five to determine if other work that Plaintiff could perform existed in significant numbers in the economy. The ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 23).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance-- in other words, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court

---

[3]Plaintiff identified this past job as a nursing staff coordinator (Tr. 95). The VE at the administrative hearing testified the job was classified as a director of nursing services, in the United States Dep't of Labor, *Dictionary of Occupational Titles* § 075.117-022 (4th ed. 1991) (Tr. 701). "DOT" is the short form citation used to refer to the *Dictionary of Occupational Titles*.

must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

## BACKGROUND FACTS

Plaintiff was fifty-two (52) years old at the time of the administrative hearing.[4] Plaintiff graduated from technical college (Tr. 654) and previously worked as a bagger, equipment operator, field worker, homecare nurse, licensed practical nurse (LPN), security officer, nursing staff coordinator, sweeper, telemarketer, cab driver, pizza delivery person, and rental property manager (Tr. 95, 351, 676, 687).

When recounting Plaintiff's testimony that Dr. Tan had prescribed the use of a cane (Tr. 690), the ALJ stated in his decision that "the claimant did not present any records from any such Dr. Tan" (Tr. 20). However the Court's independent review of the record reveals

---

[4]The record reflects Plaintiff was born July 27, 1954 (Tr. 654).

it contains 123 pages of medical treatment notes, written prescriptions, MRI and X-ray lab reports, and stated medical opinions of Dr. Jackson Tan's treatment, spanning from February 3, 1999 to July 3, 2001 (Tr. 287-409). Plaintiff had twenty-six (26) office visits with Dr. Tan during that time period (Tr. 287-409). On February 3, 1999, Plaintiff initially presented to Dr. Tan due to injuries she sustained in a motor vehicle accident which occurred on January 26, 1999 (Tr. 408). Her chief complaints throughout her treatment with Dr. Tan included headaches, neck, chest, hip, and back pain (Tr. 287-409). On May 12, 1999 Dr. Tan placed Plaintiff at maximum medical improvement (Tr. 371). He subsequently restricted her to sedentary work with the limitations of less than four (4) hours a day of work, the ability to change positions between sitting and standing every twenty (20) to thirty (30) minutes, and no bending, twisting, squatting, climbing, or stooping (Tr. 295).

## ANALYSIS

Plaintiff contends the ALJ erred in ignoring the opinions of Plaintiff's treating physicians and by giving no weight to the Plaintiff's psychiatric condition as described and restricted by Dr. Herbly (P's Brief at 8). Defendant asserts substantial evidence supports the ALJ's decision that Plaintiff was not disabled because no physician indicated she was limited in physical ability after her alleged onset date of June 17, 2004 (D's Brief at 12). The Court, however, finds the Commissioner's argument ignores the obvious flaws in the ALJ's decision and such flaws require the case be remanded for reconsideration.[5]

---

[5] Although harmless error, the Court finds the ALJ misquoted or misconstrued the record on numerous occasions. First, the ALJ stated Dr. Stewart noted Plaintiff to be "obese" on March 1, 2004 (Tr. 16, 428). However, the record reflects she was noted as "overweight" on that date (Tr. 428), but was later described by Dr. Stewart as obese on April 11, 2005 (Tr. 504). Second, the ALJ cited Dr. Herbly's diagnosis of "a depressive disorder" as the "first evidence of mental health treatment" (Tr. 16), despite the

Specifically, the Court's review of the record and the ALJ's decision demonstrates the ALJ ignored or chose to disregard a significant body of medical evidence submitted by Plaintiff in support of her application for disability benefits.

An ALJ may not pick and choose which evidence he considers in making the disability determination. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). The plaintiff has the burden of providing medical and other evidence about his or her impairments for the ALJ to use in making his conclusions. 20 C.F.R. §§ 404.1512(a), 416.912(a). The Regulations direct the ALJs to "consider all evidence in [the claimant's] case record when [making] a determination or decision whether [the claimant is] disabled." 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3). Here Plaintiff submitted medical records from Dr. Tan. However, the ALJ failed to review the entire body of evidence from Dr. Tan contained in the record.

It does not appear the Eleventh Circuit has directly addressed an ALJ's consideration of medical evidence in the record which predates the plaintiff's alleged onset of disability. However, the Regulations are clear on this point that all evidence submitted by a claimant in support of alleged disability will be considered. *See id.* Further, although

---

psychiatrist's actual diagnosis of chronic depressive disorder (Tr. 588) and Plaintiff's earlier diagnosis of depression by Dr. Stewart, who treated the condition with Zoloft as early as January 21, 2004(Tr. 514). Third, the ALJ mentioned that Dr. Choisser diagnosed rheumatoid arthritis (Tr. 17). However, Dr. Choisser noted Plaintiff was diagnosed with rheumatoid arthritis at the age of twenty-two (22) and he then diagnosed rheumatoid arthritic changes in both hands (Tr. 465). Fourth, the ALJ stated that the State agency psychological consultant determined Plaintiff had moderate difficulties in concentration (Tr. 18), yet the reviewing psychiatrist determined Plaintiff had mild difficulties (Tr. 517). Fifth, the ALJ recounted the VE's testimony that a forklift truck operator, DOT 921.683-050, was described as unskilled with an SVP of 2 (Tr. 22), although the VE testified the job was semiskilled with an SVP of 3 (Tr. 700).

it is not binding on this Court, the Tenth Circuit has developed precedent that ALJs are required to examine the entire record including medical evidence prior to the alleged onset date.[6] *See Carpenter v. Astrue*, No. 07-5018, 2008 WL 3892065, at *2 (10th Cir. August 25, 2008) (holding that the ALJ's failure to consider medical evidence prior to claimant's alleged onset of disability was reversible error); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1223 n.15 (10th Cir. 2004) (medical reports dating from an earlier adjudicated period are nonetheless part of the case record and should have been considered by the ALJ). The Commissioner's own requirement that ALJs consider all the evidence in the record, in combination with our sister circuit court's precedent, is compelling. As Defendant argues in his brief (D's Brief at 9), Dr. Tan's medical evidence is dated prior to the alleged onset of disability. While such evidence *may be* of little relevance, the Court notes it still is of relevance. *See Carmickle v. Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Although here the medical records covered a period of time prior to Plaintiff's alleged onset date, the records do concern many of the same impairments Plaintiff claims as a basis for disability. Moreover, the reviewing court must not weigh the evidence, but rather it is the province of the fact finder to weigh all evidence determine its relevance. *See Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Accordingly, the ALJ erred by failing to consider an entire body of medical evidence, including Dr. Tan's opinions as Plaintiff's treating physician. The opinions and diagnosis of a treating physician are entitled to special deference under the Regulations and the law

---

[6]Opinions from other circuits are not considered binding authority; however, they may be cited as persuasive authority. *See Pilkington v. United Airlines*, 112 F.3d 1532, 1541 (11th Cir. 1997).

in this circuit. Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards v. Sullivan*, 937 F.2d at 583. If an ALJ finds reason to discount a treating physician's opinion, he must articulate explicit reasons for doing so. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). For the Court to accept the ALJ's determination to give little weight to the treating physician, the Court must conclude that the determination was supported by substantial evidence. *Richardson v. Perales*, 402 U.S. at 390. Here, it does not appear the ALJ gave any weight to Dr. Tan's medical opinion, or even considered it. The ALJ's decision is devoid of any reasons attempting to discredit the opinion. Indeed, the ALJ specifically stated Plaintiff did not present any medical evidence from Dr. Tan (Tr. 20), when in fact she did.

Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent. Social Security Ruling 96-8p directs ALJs to base their RFC assessments on "*all* of the relevant evidence in the case record." SSR 96-8p, 1996 WL 374184 at *5 (S.S.A. 1996) (emphasis added); *see also Nguyen v. Chater*,

9

172 F.3d 31, 34 (1st Cir. 1999) (holding an ALJ must base his RFC assessment on all relevant evidence including observations of treating physicians and others, medical records, and the description of the claimant's limitations). Social Security Ruling 96-8p further provides that "[t]he adjudicator must consider all allegations of physical and mental limitations or restrictions." *Id.* In this case, the weight afforded Dr. Tan's opinion could very well make a difference in Plaintiff's assessed RFC.

As it is impossible for the Court to tell if the ALJ properly considered and weighed all the evidence in the record, this case must be remanded. *See generally, Owens v. Heckler*, 748 F.2d 1511, 1515-17 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions).

Accordingly, the Commissioner's decision is hereby **REVERSED and REMANDED**.

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d at 1244.

Upon remand, the Commissioner shall evaluate all of the evidence in the record, assign weight to the medical records and opinion evidence, and reconsider Plaintiff's assessed RFC accordingly. If necessary, the ALJ shall conduct additional proceedings, including solicitation of vocational expert testimony in light of the newly assessed RFC, in accordance with this Order and Opinion.

Moreover, review of the ALJ's decision demonstrates the ALJ impermissibly stated

in his decision that "the claimant has likely had some moderate level of depression secondary to being homeless" (Tr. 17).  Dr. Herbly, Plaintiff's treating psychiatrist, noted on September 6, 2005 that "[Plaintiff] has had depression for a long period of time but it has become more problematic after her mother's death in 2000" (Tr. 587).  The only evidence of record concerning Plaintiff's homeless state is found in Plaintiff's testimony that she started sleeping in her truck in May 2006 (Tr. 685-86, 692-95).  In the Eleventh Circuit, the ALJ may not substitute his "medical opinion" for the medical opinion of the treating physician.  *Jones v. Barnhart*, 318 F.Supp.2d 1102, 1106, n.7 (N.D. Ala. 2004); *see also Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) ("[A]s a hearing officer [an ALJ] may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.").  Determining Plaintiff has some depression secondary to homelessness is an impermissible medical opinion expressed by the ALJ.  Upon remand, the ALJ is cautioned to refrain from making such conclusions.

## DIRECTIONS AS TO JUDGMENT

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.  The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits.  *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006); *compare* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a).

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of September, 2008.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record